United States District Court
Eastern District of Michigan

Marquis Woods,

Petitioner, Case No. 25-cv-12832

-vs-

Honorable Linda V. Parker

Eric Rardin, Warden,

Respondent.
______________________________________/

# Response to Petition for Writ of Habeas Corpus

Marquis Woods failed to exhaust administrative remedies, as required, before filing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. And his claim lacks merit in any event. This Court should dismiss or deny his petition.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

s/ Benjamin C. Coats
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9734
Benjamin.Coats@usdoj.gov

Dated: December 5, 2025

United States District Court
Eastern District of Michigan

Marquis Woods,

Petitioner, Case No. 25-cv-12832

-vs-

Honorable Linda V. Parker

Eric Rardin, Warden,

Respondent.
_______________________________________/

## Brief in Support of Response to Petition for Writ of Habeas Corpus

The Court should dismiss or deny Marquis Woods's petition for a writ of habeas corpus under 28 U.S.C. § 2241. First, Woods failed to exhaust his administrative remedies. And second, the Bureau of Prisons properly calculated the federal time credits (FTCs) that Woods earned by successfully participating in First Step Act of 2018 (FSA) programming.

## Background

Marquis Woods tossed a backpack containing a loaded gun as he ran on foot from the police during a traffic stop in Minneapolis in July 2023. *United States v. Woods*, No. 23-294, Plea Agreement, Doc. 55 (D.

Minn. Aug. 8, 2024). At the time, he had been convicted of three felonies: drug possession, domestic assault, and a previous FIP. *Id.* In fact, Woods had only been released from BOP custody in January 2023, having been returned to prison after violating federal supervised release several times. Ex. 1 – Fleck Decl., Attachment 2; *United States v. Black et al.*, No. 14-364, Order, Doc. 1164 (May 17, 2022), and Judgment, Doc. 1167 (May 24, 2022).

Woods pleaded guilty to a new FIP under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) in the District of Minnesota, and the district judge there sentenced him to 46 months in prison on January 7, 2025. *Woods*, No. 23-294, Judgment, Doc. 75 (Jan. 7, 2025). He was held in a county jail and a federal detention center between January 17 and July 15, arriving at his designated facility (Milan FCI) on the latter date. Petition, ECF No. 1, PageID.1; Ex. 1 – Fleck Decl., ¶ 9 and Attachment 2. There, he was assessed by his Unit Team and assigned to programs he could complete to earn FTCs under the FSA. Ex. 1 – Fleck Decl., ¶ 9.

Woods now petitions for habeas corpus relief. Petition, ECF No. 1, PageID.1–2. He claims he is entitled to FTCs for unspecified programming completed between January 17 and July 15, before he

arrived at his designated facility. *Id.* Woods did not exhaust administrative remedies and claims it would be futile because claims like his are routinely denied. *Id.* In fact, he did not even begin the remedy process. Ex. 1 – Fleck Decl., ¶ 17 and Attachment 8.

## Argument

### I. The petition should be dismissed because Woods failed to exhaust administrative remedies.

Prisoners must exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Exhaustion protects "administrative agency authority" and "promotes efficiency." *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). This exhaustion requirement allows the Bureau of Prisons "the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts," *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001), and it "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. at 89.

The Administrative Remedy Program, found at 28 C.F.R. § 542.10, et seq., and BOP Program Statement 1330.18, "Administrative Remedy

Procedures for Inmates," begins when, after an inmate attempts to resolve an issue informally but cannot, he files a Request for Administrative Remedy (BP-9) with the Warden at the facility where he is confined. Ex. 1 – Fleck Decl., ¶ 13. If the inmate is dissatisfied with the result, he appeals to the Regional Office by filing a BP-10. *Id.* If that result remains unsatisfactory, the inmate appeals to the BOP's Office of General Counsel by filing a BP-11. *Id.* This is the final step in the administrative remedy process, and the result constitutes the final agency decision. *Id.* Only after completing the process through the BP-11 level has the inmate exhausted his administrative remedies. *Id.*

Here, Woods did not even file an initial remedy request, much less either of the two appeals. That failure to pursue administrative remedies, and in so doing to specify which programming or activities he seeks credit for, deprived BOP of the opportunity in the first instance to determine if those activities entitle him to any credits. Absent that critical factual determination, Woods's petition merely seeks an advisory opinion about his eligibility to receive credit if he had completed qualifying programming.

Though futility is an exception to the requirement that prisoners exhaust their remedies, *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006), a conclusory allegation, as Woods makes, is insufficient. *See, e.g., Davila v. Hemingway*, No. 21-cv-10941, 2022 WL 17409614, at *2 (E.D. Mich. Nov. 4, 2022) (collecting cases). Woods makes no showing of futility and does not even claim to have exhausted his remedies. His petition should be dismissed.

## II. Woods's petition should be denied on the merits because the BOP properly calculated the credits he is entitled to under the First Step Act.

If the Court decides to address Woods's claim that the BOP miscalculated his FTCs, the Court should still deny the petition.

The FSA provides opportunities for federal inmates to earn credits (FTCs) that can be applied against their sentences. 18 U.S.C. § 3632(d)(4)(A). One of the FSA's goals is to reduce recidivism by federal inmates by providing access to "recidivism reduction programs" and encouraging other "productive activities." An inmate who "successfully participat[es]" in such programming and activities earns FTCs that can reduce time served in prison. 18 U.S.C. § 3632(a) and (d)(4). Earned

FTCs can be applied toward early transfer to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

The FSA requires inmates to "successfully complete" evidence-based recidivism programming to earn credits. 18 U.S.C. § 3632(d)(4)(A). "Generally speaking, 'successful participation' requires, at a minimum, actual participation." *Trivedi v. Entzel*, No. CV 25-47-DLB, 2025 WL 1370014, at *2 (E.D. Ky. Apr. 21, 2025) (citing 28 C.F.R. § 523.41(c)(2)). The BOP's regulations permit inmates to earn credits based on the days that they are in an eligible earning status and not based on the volume of programming that they undertake.

Substantively, Woods was ineligible for credits under the FSA until he received an individualized risk and needs assessment. While "the commencement of a prisoner's sentence may be the absolute floor for earning credits, it is not the only prerequisite." *Freeman v. Thompson*, No. CV 25-1261 (MAS), 2025 WL 1793663, at *2 (D.N.J. June 30, 2025). The FSA requires BOP to administer a system that "shall … (1) determine the recidivism risk of each prisoner *as part of the intake process* … (2) assess and determine … the risk of violent or serious misconduct … [and] (3) determine the type and amount of

evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming." 18 U.S.C. § 3632(a) (emphasis added); *see also* 28 C.F.R. §§ 523.40–44 (procedures governing FSA time credits). Productive activities are defined as "a group or individual activity that is designed to allow prisoners *determined as having a minimum or low risk* of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating." 18 U.S.C. § 3635(5) (emphasis added).

Woods's assessment did not occur until after he arrived at FCI Milan on July 15, 2025. Ex. 1 – Fleck Decl., ¶ 9. And his current PATTERN score is Medium. *Id.* at ¶ 11.

Because inmates cannot participate in any qualifying programming before arriving at a BOP designated facility, courts routinely deny habeas petitions seeking credit for time before arrival at an inmate's designated facility. *See Trivedi*, 2025 WL 1370014, at *2 (petitioner could not earn credits prior to arrival in BOP custody); *Freeman*, 2025 WL 1793663, at *2 (petitioner could not have earned credits prior to arrival at FCI Coleman); *Stevens v. Jacquez*, No. 23-CV-1482-AA, 2024 WL 3200546, at *5 (D. Or. June 25, 2024).

BOP regulations (Policy Statement 5410.01) provide that an eligible inmate must be "successfully participating" to earn credit for productive activities and BOP staff must determine that an inmate has participated in recommended productive activities based on "the inmate's individualized risk and needs assessment." 28 C.F.R. § 523.41(c). Simply stated, "[i]t necessarily follows [from] the statutory scheme … that the credits available under the statute cannot be earned until the prison receives his risk assessment and thereafter completes activities that the BOP determines will address that prisoner's needs." *Freeman*, 2025 WL 1793663, at *1; *Trivedi*, 2025 WL 1370014, at *1 ("The Court agrees with the BOP."); *Stevens*, 2024 WL 3200546, at *4 (regardless of the sentencing date, FSA requires both that an assessment take place "as part of the intake process" and "successful participation").

Just as in *Freeman*, Woods "has failed to provide any evidence that he successfully participated in such programs or activities prior to his arrival" at FCI Milan other than "his own bald assertion." *Freeman*, 2025 WL 1793663, at *2. And, like in *Freeman*, Woods neither "provides documentary evidence to support this assertion, nor provides any dates

or other concrete information that would allow this claim to be verified." *Id.* at *2; *see also Barry v. Greene*, No. 25CV408, 2025 WL 1462571, at *4 (M.D. Pa. May 21, 2025) (inmate failed to show he had participated in approved programming or activities from the date of sentencing); *Stevens*, 2024 WL 3200546, at *4 (inmate presented no evidence he had successfully participated in programming).

In answer, Woods relies exclusively on *Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870 (E.D. Mich. Jan. 16, 2025). But *Gale* was decided without a response from the Warden. *Id.* at *2. Indeed, no government attorney ever appeared in that case because the government received no notice it had been filed. Thus, the Warden never asserted the affirmative defense of exhaustion. *Id.* at *3. Nor, since the case was functionally non-adversarial, was that court ever directed to the statutory analysis and judicial authority that the Warden relies on here. Moreover, even in *Gale*, the court recognized a deficiency in the record about whether the inmate had met the FSA requirements for programming and activities before he arrived at his BOP facility. *Id.* at *4. Thus, *Gale* did not grapple with whether the inmate merely sought an advisory opinion and only presented the court

with a "theoretical dispute[] that may or may not materialize." *Safety and Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014, 1020 (6th Cir. 2022).

BOP correctly determined that—at least on the record presented to it—it has not denied Woods time credits that he would otherwise be entitled to receive. Thus, if the Court does not dismiss the petition for failure to exhaust administrative remedies, it should deny it on the merits.

## Conclusion

Marquis Woods's petition for a writ of habeas corpus should be dismissed or denied.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Benjamin C. Coats
Benjamin C. Coats
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9734
Benjamin.Coats@usdoj.gov

Dated: December 5, 2025

## Certificate of Service

I certify that on December 5, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's Office mailed a copy via the United States Postal Service to the following non-ECF participant:

Marquis Woods, Reg. #18303-041
Milan FCI
P.O. Box 1000
Milan, MI 48160

/s/ Benjamin C. Coats
Assistant United States Attorney