9

UNITED STATES DISTRICT COURT

EASTERN DIVISION OF MICHIGAN

SOUTHERN DIVISION

MARQUIS WOODS,
Petitioner,

v. Case No. 25-cv-12832

ERIC RARDIN,
Warden,
Respondent.

______________________________/

FILED
CLERK'S OFFICE
JAN 1 2 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

PETITIONER'S REPLY IN OPPOSITION TO

RESPONDENT'S MOTION TO DISMISS

I. INTRODUCTION

NOW COMES Petitioner, Marquis Woods, proceeding pro se, and respectfully submits this Reply in Opposition to Respondent's Motion To Dismiss before the Honorable Linda V. Parker, United States District Judge for the Eastern District of Michigan.

Respondent seeks dismissal on the ground that Petitioner allegedly failed to exhaust administrative remedies. This argument is factually incorrect and legally insufficient, as Petitioner properly initiated the administrative remedy process and was prevented from completing it due to staff interference, a well-recognized exception to the exhaustion requirement under 2241.

II. FACTUAL BACKGROUND

Petitioner is currently incarceratd at FCI Milan in Milan, Michigan.

Petitioner seeks relief pursuant to 28 U.S.C. 2241, challenging the Bureau of Prison's failure to properly award First Step Act ("FSA") Earned Time Credits, which directly affects Petitioner's release date and eligibility for prerelease custody.

On May 13th, 2025 Petitioner timely completed and submitted a BP-8 remedy form to assigned counseler Roscco. This was responded to by C. Grimm.

On May 22nd, 2025 Petitioner timely completed and submitted a BP-9 remedy form which was not responded to. Petitioner then filed a BP10 remedy form on July 7th, 2025 which was denied with the reason for denial given as Petitioner had not atempted an informal resolution of administrative remedy. There was no record of this at the institution.

III. ARGUMENT

A. Exhaustion is Not Required Where Administrative Remedies Are Unavailable

Although administrative exhaustion is generally encouraged in 2241 cases, it is not jurisdictional and may be excused where administrative remedies are unavailable or futile. Risher v. Lappin, 639 F. 3d 236, 239 (6th Cir. 2011).

The Sixth Circuit has made clear that exhaustion is excused when prison officials prevent an inmate from utilizing the grievance process, including failure to respond or refusal to process grievances. Id.; see also Fazzini v. Northeast Ohio Corr. Ctr., 473 F. 3d 229, 235 (6th Cir. 2006).

Courts consistently hold that administrative remedies are deemed unavailable when prison staff interfere with, obstruct, or ignore properly submitted grievances. See Jobin v. Warden, FCI-Mendota, No. 1:23-cv-01700-WBS-SKO (HC), 2024 U.S. Dist. LEXIS __ (E.D. Cal. 2024) (excusing exhaustion where inmate timely submitted BP-9 but staff failed to process it); Joseph T. Gale v. Warden Rardin, FCI Milan, Case No. 24-13127 (E.D Mich. 2024) (holding exhaustion excused where BOP staff interference rendered remedies unavailable).

Here, Petitioner properly submitted the required BP-8 and BP-9 forms and was prevented from exhausting further due solely to counselor inaction. This constitutes staff interference, which squarely excuses exhaustion.

B. The Government Cannot Benefit From Its Own Misconduct

The exhaustion doctrine does not permit the government to benefit from its own misconduct. Courts have long held that a party may not rely on procedural defenses when its own actions caused the procedural defect. See Bower v. City of New York, 476 U.S. 46, 483, 106 S. Ct. 2022, 90 I. Ed. 2d 462 (1986) (government may not take advantage of obstacles it created to defeat constitutional claims).

Allowing dismissal here would improperly reward the Bureau of Prisons for obstructing Petitioner's access to the administrative remedy process. Petitioner did everything required of him:

Timely submitted BP-8 and BP-9 forms;
followed institutional procedures; and
documented his filings by sending copies to the Court.

Courts routinely reject exhaustion defenses where prison officials themselves caused the failure to exhaust. Risher, 639 F.3d at 239, Gale, Case No. 24-13127.

C. The Petition Presents a Live and Urgent Controversy

Petitioner's claim concerns FSA Earned Time Credits, which directly affect the duration of confinement and eligibility for prerelease custody, including halfway house placement and home confinement.

Courts recognize that improper calculation of sentence credits constitutes a live and urgent controversy suitable for 2241 relief. See Goodman v. Ortiz, 20 F.4th 825, 830 (3d Cir. 2021).

Any further delay causes irreparable harm, making dismissal particularly inappropriate.

D. FSA Eligibility

Additionally, once Mr. Woods ws sentenced and entered ito FBOP custody (January 17, 2025) and was being held at a Federal Detention Center he was in "opt in" status through the FBOP Trulincs FSA Survey. Petitioner worked as a janitorial orderly. He has refrained from any disciplinary sanctions and has completed multiple FSA approved classes such as Drug Abuse Education (certificate achieved). These FSA approved activites constitute full eligibility for Mr. Woods under FBOP FSA guidelines. Many of the courts that have addressed this issue have found inmates are eligible to earn time credits beginning on their sentence date because they are in BOP custody awaiting transport to their designatd facility and thus their sentence has commenced. See Johim, 2024 wz1367902, (finding Johim eligibility for FSA time credits commenced the moment he was sentnced under 18 USA 3585(a) because he was in BOP custody. Yufenguy v Warden, FCI Berlin 659 F. Supp 3d 213, 215, 218 (DNA 2023) concluding that plain language of teh FSA and of 3585(a) clearly established that petitioner was entitled to begin earning FSA time credits the day he ws sentenced.

E. See Attachment And Exhibits.

IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. DENY Respondent's Motion to Dismiss;
2. Find that administrative remedies were unavialable due to staff interference;
3. Proceed tothe merits of teh 2241 Petition; and
4. Grant any other relief this Court deems just and proper.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 11, 2025

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO : MARQUIS DESHAWN WOODS, 18303-041
MILAN FCI UNT: 8 JAIL QTR: ~~B02-221L~~ E 02/221U
P.O. BOX 9999
MILAN, MI 48160

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1246942-R1 REGIONAL APPEAL
DATE RECEIVED : JULY 11, 2025
SUBJECT 1 : TRANSFER - OTHER
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : THERE IS NO RECORD OF YOU FILING THIS APPEAL AT THE INSTITUTION FIRST.
PLEASE RESOLVE ERRORS AND RESUBMIT.

MIL-1330.16.b
September 18, 2012
Page 7

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # ____________________

Inmate's Name: Marquis Woods

Registration Number: 18303-041 Housing Unit: FDC/EAST

**ATTEMPT AT INFORMAL RESOLUTION:**

1. Briefly state the complaint and requested corrective actions.

I have been housed in FDC Milan a month and a half. I came from a prison MCC Chicago and was designated to FCI Milan. I was housed here supposebly due to prison over population and told I would be moved when bed space became avalible. There has been mutiple planes that came after me and inmates that been housed in the prison before me. I am not entitled to no programming, FSA, second Chane Act, visiting with family and friends who support me during this difficult time, or my property while being housed here. I have low custody points and are being housed with different custody level. This is clear cruel and unusal punishment and iellegal. Also goes against the directive of the FBOP. I am requesting that I be moved immeadately

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

I have attempted to talk to mutiple staff and adminstration. My questions could not be answered and I wasn't helpel.

Inmate Signature: [signature] Date: 5/13/23

Inmate Printed Name: Marquis Woods

Unit Counselor Signature: [signature] Date: 5/13/25

Unit Counselor Printed Name: C. Grimm

Mr. Woods,

I have reviewed your Attempt at Informal Resolution. Within it you state that you were transferred to FCI Milan as a convicted inmate. Yet, you were placed into FDC Milan that houses pretrial detainees. You further believe that this violates BOP Policy. You go on to state the following segment of BOP Policy, "Pretrial inmate will be separated, to the extent practicable, from convicted inmates". Also, you state that you wish to be separated from pretrial detainees and moved to the FCI.

Policy permits pretrial and holdover inmates to be housed together when necessary.

Per PS 7331.05(3), "Normally, pretrial inmates are housed in administrative institutions including Metropolitan Detention Centers (MDCs), Federal Detention Centers (FDCs), and Metropolitan Correctional Centers (MCCs). These institutions may also house convicted inmates awaiting sentencing or movement to designated institutions, or sentenced inmates who require further court appearances."

"Title 18 U.S.C. § 3142(i)(2) states that pretrial inmates are to be separated, "to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal." Practicable is dependent on the institution's design, structure, and operation. When it is not practicable to keep pretrial inmates separate, after intake screening and assessment, employees may permit, based upon sound correctional judgment, pretrial inmates who do not present a risk to the institution's security or orderly running, to have regular contact with convicted inmates."

Currently, due to the issues of bed space within the institution, you are being held in a hold over status at the Federal Detention Center and will be moved once a bed space appropriate for you is open.

5/13/25

U.S. Department Of Justice

Federal Bureau of Prisons

**Request For Administrative Remedy**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Woods, Marquis, D — 18303-041 — EAST — FDC/MILAN
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST**

I am a sentenced federal inmate currently confined in MDC/Milan which ouses primarily max. pretrial detainees and is not a designated facility for entenced prisoners. I've been held here going on two months and was told by dministration that it could be a lot longer. My continued detention here as impaired my access to earned time credit programs under the First Step Act. Access to rehabilitation programs, earning time credit under 18 U.S.C § 3632, transfer eligibility to community-based or lower security rograms, receipt of visitation, religous services, and reentry services fforded at the FCI I'm designated to. I also have not recieved my property r the proper issue upon arrival. My current placement denies me access to all these things. I request immediate transfer to my designated Facility FCI/Milan pursuant to 18 U.S.C §§ 3621(b), 3624, and 3632. With no further del

5/22/25
DATE

Marquis Woods
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: __________

**Part C - RECEIPT**

CASE NUMBER

Woods 07/01 ...

U.S. Department of Justice

# Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: WOODS, MARQUIS, D (LAST NAME, FIRST, MIDDLE INITIAL) 18303-041 (REG. NO.) FDC EAST (UNIT) MILAN (INSTITUTION)

**Part A - REASON FOR APPEAL**

I have not recieved a response to my BP-9. Administrative staff Osland asked that I sign being restore and said I would be moved by a certain date I rightfully declined. I am a sentenced inmate currently defined at MDC/Milan which house primarily max pretrail detainees and is not a designated facility for sentenced prisoners. I've been held here over 3 months and in transit since Jan, My continue detention has impaired my access to earn time credit program under the FSA. Access to rehabilitation programs, earning time credit under 18 U.S.C § 3623 transfer eligibility to community based or lower security programs. receipt of visitation, religous service, and reentry services afforded at the FCI I'm designated to. I also have not recieved my property or the proper issues upon arrival. My current placement denies me access to all these things. I request immediate transfer and relief to my designated facility. FCI Milan pursuant to 18 U.S.C § 3621 (b) 3624, and 3632 with no further delay. See Subin vs. Warden FCI Mendota, Case No 1:23-cv-01700-WBS-SKO (HC) Huinini vs. Derr, Civil No 22-00541 JAO-RT 2023 U.S. Dist. Patel vs. Barron, Case No, C23-937-KKE, 2023 U.S. Dist.

7/7/25 — DATE

[signature] — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUL 11 2025

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1246942-R1

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

V. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Reply was served on Respondent by placing it in the institutional mail system, postage prepaid, on this date.

Respectfully submitted,

Marquis Woods
Petitioner, pro se

1-5-2026

Marquis Woods
NAME
18363-041
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
JAN 12 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

METROPLEX
JAN 2026




U.S. MARSHALS

United States District Court
Eastern District Michigan
office of Clerk
Theodore Levin United States Courthouse
231 W. Lafayette Blvd Room 564
Detroit, Michigan 48226

48226-2