UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUIS WOODS,

                    Petitioner,                  Case No. 2:25-cv-12832
                                                  Hon. Linda V. Parker

v.

ERIC RARDIN,

                    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

In this habeas case filed under 28 U.S.C. § 2241, FCI Milan inmate Marquis Woods challenges the Bureau of Prisons' failure to consider him eligible to earn First Step Act (FSA) federal time credits (FTCs) from the date of his sentencing as required by 18 U.S.C. § 3632(d)(4).

In violation of the FSA, the BOP considered Petitioner ineligible to earn FTCs until he was placed at FCI Milan. The petition for writ of habeas is therefore granted, and the BOP is **ORDERED** to recalculate Petitioner's earned FTCs in a manner that takes into account the full period during which he was eligible to earn them.

I

Marquis Woods pled guilty to felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) in the District of Minnesota, and on January 7,

2025, he was sentenced to 46 months in prison. *See United States v. Woods*, District of Minnesota Case No. 23-294 (ECF No. 75.) On January 17, 2025, Petitioner self-surrendered to MCC Chicago. (ECF No. 1, PageID.1.)

BOP records indicate that Petitioner was housed at county jails from January 17 until April 3, 2025. (ECF No. 7-1, PageID.36.) From April 3, 2025, to July 15, 2025, Petitioner was housed at FDC Milan, a federal detention facility located on the same grounds as FCI Milan. (*Id.*) Woods was finally placed at FCI Milan on July 15, 2025, when space became available. (ECF No. 1, PageID.1; ECF No. 7-1, PageID.40.)

It wasn't until his placement at FCI Milan that BOP staff assessed Petitioner and assigned him to programs so that he could earn FTCs. (ECF No. 7-1, PageID.28-29.) BOP records confirm that it considered Petitioner's "start" date for "FTC Claim Status" as July 15, 2025. (*Id.* PageID.38.)

Respondent defends the July 15, 2025, "start" date stating, "Substantively, Woods was ineligible for FTCs until he received an individualized risk and needs assessment" which did not occur until that date. (ECF No. 7, PageID.20.)

Woods asserts that in the six-month period between sentencing and placement at FCI Milan he "was able to sign up for all eligible programming at each facility and additionally went without any disciplinary action. He has a medium recidivism score with violent designation only and is otherwise eligible to both earn and apply

FSA credits. The delay in access to certain programs or the earning of credits was not due to any fault or choice of the Petitioner but rather solely due to BOP's designation and transfer process." (ECF No. 1, PageID.1.)

II

As an initial matter, the Court addresses Respondent's argument that the petition must be dismissed because Woods did not exhaust his administrative remedies.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See, e.g., Luedtke*, 704 F.3d at 466. There is, however, a futility exception to the exhaustion requirement. *See Fazzini*, 473 F.3d at 236 (citing *Aron v. LaManna*, 4 F. App'x 232, 233 (6th Cir. 2001)). Failure to exhaust "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Id*.

The Court finds that any attempt by Woods to exhaust his administrative remedies would be futile. That is because the result of administrative review here is preordained by BOP regulations that require it to calculate FTCs beginning from the

3

date of incarceration at a BOP facility and not the date of sentencing. 28 C.F.R. § 523.42(a) provides that "[a]n eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (*the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served*)." (emphasis added).

> The relevant BOP program statement indicates:
>
> Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntary surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTCs during pretrial confinement, nor can they earn credits based on a prior incarceration. *Further, an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed*, or once released to their supervised release term.

U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5410.01, at 10 (Section 6), available at https//www.bop.gov/policy/progstat/5410.01_cn2.pdf

It is obviously futile for Woods to challenge the validity of these regulations and policy statements in an administrative review proceeding. A growing number of courts have held that efforts to exhaust are futile where the inmate's claim for FTCs is precluded by the BOP's regulations, and where the only possible relief would come by way of a ruling from a federal court that the BOP's regulations conflict with the terms of the FSA. *See Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870, at *3 (E.D. Mich. Jan. 16, 2025) (collecting cases). The Court therefore

4

finds that the petition is not subject to dismissal for Petitioner's failure to exhaust administrative remedies.

III

Turning to the merits, a petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper, as here, where the inmate challenges the manner in which the BOP executes his or her sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Petitioner's basic contention is that he was eligible to earn FTCs from the date of his self-surrender when he was committed to the BOP, whereas the BOP did not consider him eligible to earn FTCs until he was placed at FCI Milan. This Court recently granted habeas relief in nearly identical circumstances. *See Patton v. Rardin*, No. 25-cv-13979, 2026 WL 1300549 (E.D. Mich. May 12, 2026).[1] The Court restates much of its analysis from *Patton* here.

Eligible federal inmates, those whose convictions do not exclude them from receiving FSA benefits, may earn FTCs. A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening the prisoner's sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. §

---

[1]Although the operative date here is Petitioner's self-surrender date —rather than the date of sentencing in *Patton* — this difference is inconsequential. The central issue is whether the BOP's regulation violates federal law by limiting FTC calculation to the date an inmate enters their designated facility.

523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

The BOP denied Petitioner FTCs pursuant to a BOP regulation, 28 C.F.R. § 523.42(a), which states that a federal prisoner can begin to earn FTCs only upon his or her arrival at federal prison. Under the BOP's current calculation, Petitioner is entitled to earn FTCs only from the date of his arrival at FCI Milan on July 15, 2025. Petitioner, on the other hand, argues that he is entitled to begin earning FTCs from the date of his self-surrender on January 17, 2025. Petitioner asserts that the BOP's regulation is an invalid interpretation of federal law because it conflicts with 18 U.S.C. § 3585(a), which states that a federal sentence commences when the federal defendant is sentenced by a court.

The Honorable Laurie J. Michelson recently granted habeas relief on a similar claim brought by a different petitioner. *Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870 (E.D. Mich. Jan. 16, 2025). In the opinion, Judge Michelson noted that "many district courts, all in other circuits, have accepted the argument advanced by Petitioner and found 28 C.F.R. § 523.42(a) conflicts with 18 U.S.C. § 3585(a) and thus, is invalid." *Id.* at *4 (quoting *Heath v. Knight*, No. 22-7270, 2024 WL 5198863, at *3 (D.N.J. Dec. 23, 2024)) (brackets omitted). Judge Michelson indicated that most of the courts "that have addressed this issue have found that

inmates are eligible to earn time credits beginning on their sentencing date because they are in BOP custody awaiting transport to their designated facility, and thus, their sentence has commenced." *Id*. (quoting *Jobin v. Warden, FCI-Mendota*, No. 23-1700, 2024 WL 1367902, at *3 (E.D. Cal. Apr. 1, 2024)). Judge Michelson found "no reason to rule contrary to this consistent case law" in light of the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), where the BOP's interpretation of ambiguous statutory language is no longer entitled to deference by a federal court. *Id*. (citing *Sohrab Sharma v. Peters*, 756 F. Supp. 3d 1271, 1283 (M.D. Ala. 2024)).

The Honorable Judith E. Levy has also granted habeas relief on a similar claim. *See Kruchten v. Rardin*, No. 25-11345, 2026 WL 325624, at *4 (E.D. Mich. Feb. 6, 2026). In so ruling, Judge Levy agreed with the reasoning in *Gale* and the "numerous cases cited" there to invalidate 28 C.F.R. § 523.42(a) and concluded that a federal prisoner is eligible to earn FTCs from the date he or she is sentenced and was committed to the custody of the BOP, rather than the date of arrival at federal prison. *Id*.[2]

---

[2] Respondent argues that this Court should not follow *Gale* because Judge Michelson granted habeas relief without requiring an answer from the respondent. Judge Levy, however, did order and receive an answer in *Kruchten*, and still reached the same conclusion.

This Court agrees with the holdings in *Gale* and *Kruchten* (as additionally reinforced by the decision in *Miles*) and concludes that 28 C.F.R. § 523.42(a) conflicts with the language of 18 U.S.C. § 3585(a). The regulation is, therefore, invalid. Petitioner is entitled to earn credits from the date of his self-surrender, January 17, 2025, as that was the first date on which Petitioner was in BOP custody.

Respondent argues that even if the date of sentencing provides a "floor" for earning FTCs, Petitioner is not entitled to earn them because he was not assessed for suitable programing until his arrival at FCI Milan. Setting aside the fact that Petitioner was on the same grounds at FDC Milan for several months while he was waiting for a bed to become available at FCI Milan, the argument is unpersuasive. As another Court found in addressing this argument:

> The respondent's view essentially amounts to a Catch-22, which the Court cannot endorse. According to the respondent, even if [Petitioner] was eligible to earn FSA time credits [ . . . ] (without waiting until his transfer, as the invalid BOP regulation would have provided), he could not actually earn any such credits at that time. This is because the invalid regulation gave rise to a BOP policy and practice of waiting until after the transfer to a designated facility before undertaking the necessary risk-and-needs assessment and assignment of programming. In other words, [Petitioner] could not earn credit until he was assessed, and he was not assessed until he was transferred, because the BOP (wrongly, by regulation and policy) treated that event as the one triggering eligibility under the FSA.

*Borker v. Bowers*, No. 24-10045, 2024 U.S. Dist. LEXIS 88869, *3 (D.C. Mass. May 15, 2024).

Petitioner contends without response from Respondent that he "was able to sign up for all eligible programming at each facility and additionally went without any disciplinary action. He has a medium recidivism score with violent designation only and is otherwise eligible to both earn and apply FSA credits. The delay in access to certain programs or the earning of credits was not due to any fault or choice of the petitioner but rather solely due to BOP's designation and transfer process." (ECF No. 1, PageID.1.) Despite this, BOP did not assess whether Woods earned any FTCs during his post-sentencing placement until he arrived at FCI Milan because it was enforcing illegal regulations.

The failure to consider Woods eligible to earn FTCs violated federal law, and Woods is entitled to an assessment of whether he earned such credits from the date of his self-surrender.

The Court cautions Respondent. It will not be enough for the BOP upon reassessment of Petitioner's FTCs to determine that he did not earn any credit prior to his placement at FCI Milan merely because he had not been assessed by BOP Staff until that time. Such a rationale would do nothing more than perpetuate the illegal effects of an illegal regulation.

Nevertheless, as in *Miles*, the Court will not prescribe the exact manner that the BOP must remedy its error:

> [T]he undersigned is not endorsing a specific way to address inmates
> who have significant delays between sentencing and arrival at the BOP

9

facility. The BOP is in the best situation to determine the proper way to address such situations -- whether it be a rebuttable presumption that an inmate was, or was not, actively seeking to participate in programming, a review of the prisoner's activities in the non-BOP facility, or first requiring an inmate to complete a specific level of participation in EBRR programs at his designated facility before considering pre-arrival custody. The point is not that such inmates must automatically receive FSA time credits, but rather, that the BOP cannot adopt a regulation that automatically determines such pre-arrival custody time ineligible based on improperly defining when "sentencing commences."

*Miles*, 173 F.4th at 28-29 (quoting *Brenneman v. Salmonson*, No. 5:22-cv-7, 2025 U.S. Dist. LEXIS 56851, 2025 WL 957216, at *5 (E.D. Tex. Feb. 25, 2025)).

Accordingly,

**IT IS ORDERED** that Petitioner's habeas petition is **GRANTED**. Respondent is ordered to recalculate Petitioner's FTCs to include his eligibility for such credits beginning on January 17, 2025. In doing so, the BOP shall consider whether Petitioner met the requirements for FSA programming and activities during the period from the date of his self-surrender until the date of his arrival at FCI Milan.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 11, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 11, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager